**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Case No. 23-CR-292-01 (CRC)** |
| v. | : | |
| | : | |
| DESMOND EVANS, | : | |
| | : | |
| Defendant. | : | |

**STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

I.      Summary of the Plea Agreement

The defendant, Desmond Evans, agrees to admit guilt and enter a plea of guilty to Count Two of the Second Superseding Indictment [ECF No. 103], charging him with Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2.

II.      Elements of the Offense

**Count Two** of the Second Superseding Indictment charges Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2. The essential elements of the offense are:

1. The defendant unlawfully and willfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away DeAngelo Beale and L.H.;

2. The defendant held DeAngelo Beale and L.H. for ransom, reward, or other benefit or reason;

3. The defendant voluntarily and intentionally transported DeAngelo Beale and L.H. while they were seized, confined, or kept;

4. The transportation was in interstate commerce.

"Interstate commerce" means commerce or travel between one state and another state.

III.      Penalties for the Offenses

The penalties for Count Two, Kidnapping and Aiding and Abetting, in violation of 18

U.S.C. §§ 1201(a)(1) and 2, are as follows:

1. A maximum term of imprisonment of life imprisonment;

2. A fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;

3. Mandatory restitution;

4. A term of supervised release of not more than five years; and

5. A special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

IV.    Brief Statement of the Facts

Had this case gone to trial, the United States' evidence would have proven the following beyond a reasonable doubt:

1.    On June 8, 2023, at approximately 11:44 pm, Desmond Evans (hereafter, the "defendant"), DeAngelo Beale, L.H., and others departed the area of the 4400 block of F Street SE, Washington, D.C. At approximately 12:09 ~~pm~~ AM CKK 3/3/26, they arrived at the Saint Yves nightclub, located at 1220 Connecticut Avenue NW, Washington, D.C., for a birthday celebration.

2.    The defendant and others returned from the nightclub to the 4400 block of F Street SE around 2:21 am on June 9, 2023. DeAngelo Beale and L.H. had not yet returned to the area.

3.    At approximately 2:33 am, the defendant's co-defendants and accomplices searched DeAngelo Beale's black Mercedes SUV, which was parked on the north side of the street in the 4400 block of F Street SE. They ultimately stole a backpack and a duffel bag from the vehicle.

4.    DeAngelo Beale and L.H. returned to the 4400 block of F Street SE at approximately 3:03 am

5. At 3:43 am, the kidnapping of DeAngelo Beale began for the purpose of stealing Mr. Beale's clothing, money, vehicle, and other belongings. While Mr. Beale occupied the driver's side of his Mercedes SUV, the defendant lunged towards Mr. Beale from the driver's side doorway as his co-defendants and accomplices pushed forward to assist in confining Mr. Beale.

6. In doing so, the defendant and his accomplices enclosed DeAngelo Beale from the driver's side doorway, restricted Mr. Beale's movements, and commenced removing Mr. Beale's clothing from his body.

7. At 3:44 am, the defendant and his co-defendants and accomplices restrained L.H.

8. Around 3:45 am, the co-defendants and accomplices ripped DeAngelo Beale from the driver's side of his Mercedes SUV. The defendant assisted in preventing Mr. Beale from fleeing by approaching the rear, driver-side door of the Mercedes SUV, while his co-defendants and accomplices pushed Mr. Beale and L.H. into the back of the vehicle. The co-defendants and accomplices restrained and stripped L.H. and then confined him in the SUV as well.

9. The defendant and some of his co-defendants and accomplices entered Deangelo Beale's Mercedes SUV and fled, carrying Mr. Beale and L.H. away from the scene. Other co-defendants and accomplices likewise ran into a nearby white Nissan Altima and fled the scene.

10. The defendant and his co-defendants and accomplices transported DeAngelo Beale and L.H. to a nearby area, where the defendant and his co-defendants and accomplices demanded information regarding residences associated with Mr. Beale. Mr. Beale and L.H. were threatened and assaulted, including at gunpoint, resulting in injuries to both victims that involved extreme physical pain, and which required L.H. to be hospitalized.

11. The defendant and others then transported DeAngelo Beale across state lines from the District of Columbia, where the kidnapping occurred, into Maryland. At approximately 4:39

am, the Mercedes SUV and Nissan Altima entered an apartment complex located at 5200 Belgreen Street, Suitland, Maryland, where Mr. Beale maintained an apartment ("Residence-1"). The defendant and at least four others exited the vehicles, entered Residence-1, and burgled it.

12.    At approximately 5:39 am, the Mercedes SUV arrived at another residence linked to DeAngelo Beale in Waldorf, Maryland ("Residence-2"). Four individuals, including the defendant, exited the Mercedes SUV at various times, entered Residence-2, and robbed Residence-2 and the occupant therein. At the time, some of the defendant's co-defendants and accomplices continued to restrain Mr. Beale in his Mercedes SUV in the parking lot outside.

13.    At 5:43 am, while the home invasion was in progress, Deangelo Beale jumped out of the passenger side of his Mercedes SUV, where he had been held captive. Mr. Beale drew a pistol and fired shots back into the vehicle at his captors, striking Marquise Jackson, who was sitting in the front passenger seat. Moments later, the defendant and a co-defendant exited Residence-2 and fired at Mr. Beale, striking Mr. Beale multiple times. Both Mr. Beale and Marquise Jackson were killed.

14.    Around 6:45 am, the perpetrators drove Deangelo Beale's Mercedes SUV to the area of 819 Kayak Street, Capitol Heights, Maryland, where they set it on fire.

15.    This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crimes.

16.    The defendant agrees that he personally has read, or had read to him, the Second Superseding Indictment, including the allegations and charges against both him and his co-defendants in the Indictment. The defendant agrees that he does not have information to dispute

or disprove the allegations and charges against his co-defendants in any way.

17.    This Statement of the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offenses to which he is pleading guilty.


Respectfully Submitted,

Jeanine Farris Pirro
United States Attorney


_____/s/_____
John Crabb Jr.
N.Y. Bar No. 2367670
Anthony Scarpelli
D.C. Bar No. 474711
601 D Street, N.W.
Washington, D.C. 20530
john.d.crabb@usdoj.gov
Anthony.scarpelli@usdoj.gov
(202) 252-1794 (Crabb)
(202) 252-7707 (Scarpelli)

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to one count of Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2. I have discussed this proffer fully with my attorney, Jesse Winograd, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 2/2/26

Desmond Evans
Desmond Evans
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea to one count of Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 2/2/26

Jesse Winograd, Esq.
Attorney for Defendant Evans

6